UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
TRUSTEES OF THE NORTHEAST CARPENTERS
HEALTH, PENSION, ANNUITY, APPRENTICESHIP,
and LABOR-MANAGEMENT COOPERATION          **MEMORANDUM & ORDER**
FUNDS,                                    18-CV-3716 (DRH)

                        Petitioners,

    -against-


EXTERIOR ERECTING SERVICES, INC.,

                        Respondent.
------------------------------------------------------------------X

**APPEARANCES:**

**For Petitioners:**
Virginia & Ambinder LLP
40 Broad Street, 7th Floor
New York, NY 10004
By:    Nicole Marimon, Esq.

For Respondent: No Appearance


**HURLEY, Senior District Judge:**

Petitioners, Trustees of the Northeast Carpenters Health, Pension, Annuity, Apprenticeship, and Labor Management Cooperation Funds (the "Funds" or "Petitioners") commenced this proceeding on June 27, 2018 to confirm and enforce an Arbitrator's Award rendered on January 25, 2018, against respondent Exterior Erecting Services, Inc. ("Respondent") pursuant to a collective bargaining agreement. For the reasons that follow, the petition is granted.

## BACKGROUND

The following facts are taken from the Petition and exhibits thereto and presumed true as no response to the petition has been filed and the time in which to do so has expired.

Respondent is a member of the Association of Wall-Ceiling & Carpentry Industries of New York, Inc. ("Association") and as a member agreed to be bound by the collective bargaining agreements entered into between the Association and the Northeast Council of Carpenters United Brotherhood of Carpenters and Joiners of America (the "Union") for the period covering July 1, 2011 through April 30, 2019 (the "CBAs"). The CBAs require Respondent to make contributions to the Funds for all work within the trade and geographical jurisdiction of the Union. The CBA further provides that "[t]he Employer shall be bound by and shall comply with the agreements, declarations of trust, plans and/or regulations of the fringe benefit funds and the labor management cooperation committees . . . ." The Trustees of the Funds established a Joint Policy for the Collection of Delinquent Contributions ("Collection Policy").  The Collection Policy requires an employer to submit to a payroll audit upon request by the Funds. It further provides that "the Board of Trustees or Fund director shall have discretion in determining which employers will be audited each year." Pursuant to the Collection Policy, interest on delinquent contributions is to be calculated at the rate of 0.75% per month and "[l]iquidated damages shall be calculated from the Due Date and shall become due and owing if suit is commenced and/or arbitration is demanded. The amount of liquidated damages shall be 20% of the delinquent Contributions." The Collection Policy further provides that, in the event an employer fails to remit contributions to the Funds, the matter shall be sent to arbitration before the Funds' designated arbitrator and that the employer shall be liable for all costs incurred in collecting delinquent contributions, including, without limitation, audit costs and arbitration fees. (Pet. ¶¶ 13, 16-17.)

Pursuant to the Collection Policy, Petitioners conducted an audit of Respondent covering the period January 1, 2014 through March 31, 2017 in order to determine whether Respondent had complied with tis obligation under the CBAs. The auditor determined that Respondent failed to remit contributions in the amount of $25,851.71. Petitioners then initiated arbitration before the designated arbitrator, J.J. Pierson, and mailed a Notice of Intent to Arbitrate Delinquency to Respondent by certified mail. (Pet. ¶¶ 14-15, 18.)

Thereafter, the arbitrator held a hearing and rendered a written award, dated January 25, 2018, (the "Award") finding Respondent in violation of the terms of the CBAs and ordering Respondent to pay the Funds the sum of $42,974.99, consisting of a deficiency of $25,851.71, interest of $3,640.44, liquidated damages of $5,170.34, audit costs of $6,662.50, attorneys' fees of $900, and the arbitrator's fees of $750 pursuant to the CBAs. (Pet. ¶ 20[1]; Ex. F to Pet.)

Respondent has failed to abide by the Award, and it has not been vacated or modified and no application for such relief is currently pending. This petition is timely, as it was filed within the one-year statute of limitations applicable to a petition to confirm an arbitrator's award. (Pet. ¶ 21-23.)

## DISCUSSION

I.  **Confirmation of the Arbitration Award - General Legal Principles**

"Section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185 . . ., provides federal courts with jurisdiction over petitions brought to confirm labor arbitration awards." *Local 802, Associated Musicians of Greater N.Y. v. Parker Meridien Hotel*, 145 F.3d 85, 88 (2d Cir. 1998). Courts treat a petition to confirm an arbitration award as akin to a motion for summary judgment. *See Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582, 128 S. Ct.

---

[1] The Court notes that the Petition erroneously states the date of the arbitration award as June 25, 2017.

1396, 170 L. Ed. 2d 254 (2008); *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 107-08 (2d Cir. 2006). A movant is entitled to summary judgment when it "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Confirmation of an arbitration award is 'a summary proceeding that merely makes what is already a final arbitration award a judgment of the court[.]' " *D.H. Blair*, 462 F.3d at 110 (quoting *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984)). As such, "judicial review of an arbitration award is narrowly limited." *Barbier v. Shearson Lehman Hutton Inc.*, 948 F.2d 117, 120 (2d Cir. 1991). The district court's role is to ensure that the arbitrator "acted within the scope of the authority granted him by the parties" and that there is "at least a 'barely colorable justification for the outcome reached.' " *Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund v. Interior Cinema Inc.*, 2015 WL 6459261, at *4 (S.D.N.Y. Oct. 23, 2015) (quoting *Landy Michaels Realty Corp. v. Local 32 B–32J, Serv. Emps. Int'l Union*, 954 F.2d 794, 797 (2d Cir. 1992)). "[A] court must confirm an arbitration award as long as it 'draws its essence from the collective bargaining agreement and is not the arbitrator's own brand of industrial justice.'" *Trs. of Empire State Carpenters Annuity, Apprenticeship, Labor-Mgmt. Cooperation, Pension and Welfare Funds v. Baroco Contracting Corp.*, 2016 WL 2893239, at *3 (E.D.N.Y. Apr. 19, 2016) (quoting *Trs. Of Empire State Carpenters Annuity, Apprenticeship, Labor-Mgmt. Cooperation, Pension & Welfare Funds v. Fourmen Constr., Inc.*, 2016 WL 146245, at *2 (E.D.N.Y. Jan. 13, 2016)).

II. **The Award is Confirmed**

    A. **Liability**

Here, the documentation before this Court establishes that Respondent was bound by the CBA and Collection Policy during the relevant time period, that the Funds complied with the

collection policy, and that the dispute was submitted to arbitration with due notice to the Respondent. Furthermore, the arbitrator reasonably determined that Respondent failed to remit said contributions to the Funds.

### B. Damages

In his award, the arbitrator ordered Respondent to pay the Funds the sum of $42,974.99, consisting of a deficiency of $25,851.71, interest of $3,640.44, liquidated damages of $5,170.34, audit costs of $6,662.50, attorneys' fees of $900, and the arbitrator's fees of $750 pursuant to the CBAs.

As the Arbitrator granted these sums in accordance with the CBA and Collection Policy, he has provided far more than a "barely colorable justification." *See Marine Pollution Serv., Inc. v. Local* 282, 857 F.2d 91, 94 (2d Cir. 2013).

### C. Interest

Under ERISA, "interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26." 29 U.S.C. § 1332(g)(2). Moreover, when interest is accruing during the pendency of the action and it is explicitly requested in the complaint, such interest will be awarded. *Ames v. STAT Fire Suppression, Inc.*, 227 F.R.D. 361, 362 (E.D.N.Y.2005). Pursuant to the Collection Policy, interest on delinquent contributions is to be calculated at the rate of 0.75% per month, and such an amount was explicitly sought in the petition. Accordingly, Respondent will be ordered to pay interest on the delinquent contributions of 0.75% per month, from the date of the arbitration award (June 25, 2017) to the date of judgment.

### D.     Attorney's Fees and Costs

Courts in this district have observed that "courts have routinely awarded attorney's fees in cases where a party merely refuses to abide by an arbitrator's award without challenging or seeking to vacate it through a motion to the court." *Trustees of New York Dist. Council of Carpenters Pension Fund v. All. Workroom Corp.*, 2013 WL 6498165, at *6 (S.D.N.Y. Dec. 11, 2013) (internal quotations marks omitted). Reasonable attorney's fees are calculated according to the lodestar method, which requires multiplying the number of hours reasonably expended by a reasonable hourly rate. *See McDonald v. Pension Plan of the NYSA–ILA Pension Trust Fund*, 450 F.3d 91, 96 (2d Cir. 2006) (per curiam).

In support of the petitioners' claim for attorney's fees arising out of this petition, the petitioners' counsel submitted a summary of tasks completed and time billed, totaling 0.9 hours of work. (Pet. Ex. G.) The petitioners' counsel billed $225 per hour (*Id*. at ¶ 26-29.) This rate are reasonable given the prevailing rates in this district. *See generally Trustees of New York Dist. Council of Carpenters Pension Fund v. Concrete Brothers Construction LLC*, 2020 WL 3578200 (S.D.N.Y. July 1, 2020) (finding rates of $350 for a partner at Virginia & Ambinder, LLP and $120.00 for its legal assistants to be reasonable). Because the rates billed and time expended on this action by the petitioners' counsel are reasonable, the Court grants the Petitioners' request for $202.50 in attorney's fees.

Court costs for court filing fees and service fees are routinely permitted. *See New York City & Vicinity Dist. Council of Carpenters v. Plaza Constr. Grp., Inc.*, 2016 WL 3951187, at *2 (S.D.N.Y. July 19, 2016) (collecting cases). While the Court can confirm the payment of the $400.00 filing fees from its own records, Petitioners have not submitted any support for the additional $75.00 sought. Accordingly, the Court award $400.00 in costs.

    **E.**    **Post-judgment Interest**

The petitioners are also entitled to post-judgment interest on the full amount of the judgment at the rate provided under 28 U.S.C. § 1961(a). *See Lewis v. Whelan*, 99 F.3d 542, 545 (2d Cir. 1996) ("The award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered.") (citing 28 U.S.C. § 1961(a)).

## CONCLUSION

The petition to confirm the arbitration award is granted and Petitioners are awarded the amount of $42,974.99 (consisting of a deficiency of $25,851.71, interest of $3,640.44, liquidated damages of $5,170.34, audit costs of $6,662.50, attorneys' fees of $900, and the arbitrator's fees of $750). Petitioners are further awarded interest on the delinquent contributions of 0.75% per month, from the date of the arbitration award (January 25, 2018) to the date of judgment, attorneys' fees in the amount of $202.50, costs in the amount of $400.00, and post judgment interest pursuant to 28 U.S.C. § 1961. The Clerk of Court is directed to enter judgment accordingly and to close this case.

**SO ORDERED**.

Dated: Central Islip, New York           s/ Denis R. Hurley  
       January 19, 2020             Denis R. Hurley  
                                          United States District Judge